[No. 1930.   Decided February 7, 1896.]

A. W. CARL et al., Respondents, v. THE WEST ABERDEEN LAND AND IMPROVEMENT COMPANY et al., Appellants.

NUISANCE — OBSTRUCTION OF NAVIGABLE STREAM — EQUITABLE JURIS-
DICTION — ADMISSION OF EVIDENCE — DECREE — BOOM COMPANIES.

The fact that the remedy provided by Code Proc., §§ 664, 665, for the abatement of a nuisance is an action at law, will not preclude the court from granting equitable relief, in a proceeding therefor, when a suit at law for the abatement of the nuisance would prove entirely inadequate.

Although the obstruction of a navigable stream may be a public nuisance, yet a private action may be maintained for its removal, when plaintiffs have a special private interest in having the obstruction removed so that they can float their logs down the stream.

The fact that the court mistakenly admitted evidence competent only in a suit at law for the abatement of a nuisance, will not deprive plaintiffs of a right to equitable relief, where the pleadings and proofs are sufficient to warrant the granting of such relief.

Boom companies organized under Laws 1895, p. 128, have no right to interfere with the navigation or use of the streams upon which they have constructed booms.

A decree granting equitable relief in a petition for a mandatory injunction against a nuisance, which impliedly goes farther and ad-

judges the abatement of the nuisance, should be interpreted in the light of the findings made by the court, in which it has decided that it is not within its province, in the action brought, to determine whether or not an obstruction should be abated as a nuisance.

Appeal from Superior Court, Chehalis County.— Hon. Mason Irwin, Judge. Affirmed.

*Hogan & McGerry*, for appellants.

*J. C. Cross*, for respondents.

The opinion of the court was delivered by

Hoyt, C. J.—The complainants were in lawful possession of lands situated on or near the river Neuskah in Chehalis county. From such lands they had cut and put into said river a large amount of sawlogs. The only means of taking them to market was by way of said river, which was of such a character as to make it easily practicable to float the logs down it. Near the mouth of said river defendants had erected a dam which entirely closed the channel. In the middle thereof was a gate through which logs could be passed one or two at a time. The logs in question were in the river at the time of the passage of the act relating to boom companies, approved March 18, 1895 (Laws 1895, p. 128), and before the commencement of this action the defendant, the Gray's Harbor and Neuskah Boom Co., had placed its booms in the vicinity of said dam and was engaged in the booming and rafting of logs under the provisions of said act. These conditions were conceded to exist, and it was claimed by the plaintiffs that they were denied the right to pass their logs through the gate in this dam, and were prevented by said boom company and the other defendant, or their employees, from in any manner making use of the channel of the river for the purpose of float-

ing their logs to market.   On account of these alleged actions on the part of the defendants it was sought by the plaintiffs to have the obstructions in the river abated as a nuisance, and also to procure a mandatory injunction compelling the defendants to allow the plaintiffs to make use of the channel of the river for the purpose of floating their logs to market.

The superior court treated the action as one in equity and granted the injunctive relief prayed for, but refused to pass upon the question as to whether or not the obstructions were such that they should be abated as a nuisance, holding that the determination of that question should be in an action at law where the right to a trial by jury was available.

The first claim for reversal is that the court erred in thus treating the action as one in equity.   To sustain this claim it would be necessary not only to hold that §§ 664 and 665, Code Proc., made an action at law the only one available for the abatement of a nuisance, but also to hold that the fact that a nuisance could be so abated would prevent a court of equity from protecting the rights of a party which were infringed by conditions that might constitute a nuisance, however inadequate might be the remedy of an action at law for the abatement of such nuisance. Such cannot be the construction which should be placed upon these sections, for while it is probable that they furnish the only authority for the abatement of a nuisance at the suit of a private party, yet it should not be held that by their enactment a court of equity had been deprived of its jurisdiction to interfere when there is a remedy at law, when such remedy is entirely inadequate.   Such facts were made to appear by the complaint and proofs that there could be no doubt as to the inadequacy of a suit at law to pro-

tect the rights of the plaintiffs. A large number of their logs were in the river ready to be taken to market, and their value would be greatly decreased before a suit at law for the abatement of the nuisance could be prosecuted to final determination. The river was a navigable one, and the right of the plaintiffs to make use of it in floating their logs to market was clear, and a clear right of this nature is entitled to the protection of a court of equity unless the protection afforded by a court of law is clearly adequate.

Under this assignment of error it is further contended that the obstruction was a public one, but, even if it was, the plaintiffs showed that they were so situated that they had a special private interest in having it removed so that they could pass their logs down the river, and for that reason were entitled to maintain their action for that purpose.

The next suggestion in the brief of appellants grows out of the alleged fact that the court, during the trial of the cause, admitted evidence which would have been competent only in a suit to abate the obstruction as a nuisance, and in its final determination held that that question could only be decided in an action at law. But we are unable to see how the appellants were injured by the action of the court in that regard. If the pleadings and proofs were sufficient to warrant the granting of equitable relief, the right to have it awarded could not be taken from the plaintiffs by reason of the fact that the court at some time during the progress of the trial was of the opinion that they were also entitled in that action to other relief than that which they finally obtained.

The third objection is founded upon the claim of rights by the appellant boom company under the act above referred to, and a large number of authorities have

been cited to show that it is competent for the legislature to provide that such boom companies may interfere with the navigation of navigable streams. But such authorities are not in point, for the reason that the legislature, in the act in question, have not attempted to confer upon the boom companies organized thereunder any such right. In § 4 of the act (Laws 1895, p. 130), after providing what such companies may do, it is provided: "Nothing shall be constructed that shall in any way interfere with the navigation of such river or stream, or the use of its waters for any purpose. From which it will be seen that the legislature not only did not intend to give to such companies the right to interfere with navigation, but took pains by express provision to provide that they should have no such right.

One of the authorities cited by appellants in this connection has no tendency to support their contention; on the contrary, it seems to fully sustain the action of the superior court not only in regard to the question now under consideration, but as to others involved in the action. In that case, *Middleton v. Booming Co.*, 27 Mich. 533, the head notes of the reporter fairly interpret the opinion, and are in the following language:

"An injunction bill, brought by a number of owners of mills and factories along a stream, to enjoin various acts which are alleged to have rendered the water power by which their machinery is operated, of little value to them, and which does not ask for an accounting, is not demurrable on the ground that the complainants have no common interest. Such a bill may be filed either by one alone, or by any number who feel the grievance.

"A demurrer to such a bill because it does not show that complainants have no adequate remedy at law

cannot be sustained, as it is apparent that only an injunction can be an adequate remedy.

"Where the bill sets forth facts showing a direct and unquestionable injury, a demurrer to it cannot be sustained on the ground that the acts complained of were authorized by the act under which the defendant corporation was organized, since the incorporation act cannot be understood as intending to authorize the destruction of vested rights of property.

"On a stream which is valuable for floatage, but not for navigation in the more enlarged sense, the right of floatage is not so far paramount to the use of the water for machinery, as to authorize the sacrifice of the latter to the former interest. Each right should be enjoyed with due regard to the existence and protection of the other.

"Such a bill, which avers that the water is detained by dams above complainants' mills, so as virtually to amount to a drying up of the stream, and to destroy its value as a means of furnishing water power while the water is thus detained, and that very much is thereby lost by percolation and evaporation, is not demurrable for want of sufficient allegation of damage.

"The objection that the location and description of the dams complained of are not given in such a bill is not well taken."

From which it will be seen that the supreme court of Michigan, speaking by that distinguished jurist, Judge COOLEY, announced principles which fully sustain the decree of the superior court in the case at bar.

The next objection to the decree is that the finding as to the interference of the defendants with the running of logs by the plaintiffs was not sustained by the evidence; but after a careful examination of all the proofs upon that question we are satisfied that the finding of the trial court was what it should have been.

The only other objection was to the effect that the interference shown was too trifling to warrant the interposition of a court of equity; but from the findings of the trial court, which were fully sustained by the evidence, we cannot agree with the contention of the appellants that the interference was a trifling one. On the contrary, the acts of the defendants materially interfered with the rights of the plaintiffs.

It is also objected by the appellants that the form of the decree was such that it in fact abated the obstruction as a nuisance. There may be some force in this objection, but it is not claimed on the part of the respondents that they were entitled to the execution of the decree as thus interpreted, and we think that the rights of all the parties can be protected by an interpretation of the decree in the light of the findings of the court upon the question of its right to abate the obstruction as a nuisance. The court having decided that it was not within its province in this action to determine as to whether or not the obstruction should be abated as a nuisance, should have confined its decree to awarding such relief as was necessary to protect the rights of the plaintiffs, and this would have been done by requiring the defendants to allow the plaintiffs to pass their logs through the opening in the dam, and the mandatory injunction should not have been so extended as to require the defendants to do more than to open the gates in the dam so that the logs of the plaintiffs could be passed through, and to so arrange their booms as not to interfere with such logs being rafted and floated to market.

The decree might be so interpreted as to require more than this of the defendants. It will therefore be affirmed with the qualification that it is only to be.

so enforced as to require of the defendants that they allow the logs of the plaintiffs to be passed through their dam and booms without any interference on their part. The respondents will recover their costs on appeal.

DUNBAR, ANDERS, SCOTT and GORDON, JJ., concur.