[No. 4505.  Decided April 10, 1903.]

SULTAN WATER AND POWER COMPANY, *Respondent,* v. WEYERHAUSER TIMBER COMPANY, *Appellant.*

APPEAL — REVIEW — NECESSITY OF MOTION FOR NEW TRIAL.

A motion for a new trial for alleged error of the court in refusing to allow the introduction of certain evidence is unnecessary as a preliminary to the review of such error on appeal.

EMINENT DOMAIN — APPROPRIATION OF LAND — MEASURE OF DAMAGES.

In condemnation proceedings to appropriate a right of way for ditch and flume purposes through defendant's land, the measure of defendant's damages would be the value of the land taken, together with the decrease in value of the balance of defendant's lands lying in one continuous tract adjacent to that taken, but not the injury to other tracts which merely have a common corner and are not otherwise part of a continuous tract.

SAME — RESULTING INJURY TO RIGHT OF NAVIGATION.

Where lands are appropriated for the purpose of constructing a dam across a navigable stream with one end resting on the lands sought to be appropriated, damages by reason of the obstruction of navigation would not be an element for consideration in the condemnation proceedings, but it would be necessary to litigate such damages in another action brought for the specific purpose.

SAME — PUBLIC USE — EVIDENCE.

Where the court has already adjudged that the appropriation of land for the construction of a dam across a stream was for a public use, it was not error for it to exclude evidence to the effect that the appropriator had stated the water was to be used as a fish pond.

Appeal from Superior Court, Snohomish County.— Hon. John C. Denney, Judge. Reversed.

*Brownell & Coleman,* for appellant.

*A. R. Titlow* and *Bell & Austin,* for respondent.

The opinion of the court was delivered by

Mount, J.—Respondent brought this action to condemn a right of way 100 feet wide for a ditch and flume across lots 8 and 14 in section 19, township 28 N., range 8 E., W. M., in Snohomish county, Wash., and for the erection of a dam across the Sultan river at a point on lot 8. The appellant is the owner of lots 1, 7, 8, and 14, and the east half of the southeast quarter of section 19, which is one body of land on the east bank of the Sultan river. It also owns large tracts of lands to the north and east of section 19. These lands are valuable for the timber standing thereon. The Sultan river is navigable for floating logs, shingle bolts, and wood down stream. The dam which respondent proposes to construct across the river is to be 50 feet wide at the base, 10 feet wide at the top, and 25 feet high. Respondent proposes to take out of the river at the dam 60 cubic feet of water per second of time. Upon the service and filing of the petition for condemnation the parties appeared, a hearing was had, and the court adjudged that the contemplated use of the premises sought to be appropriated was really a public use, and that the land and water claimed were required and neces-

sary for such use, and ordered a jury to assess the amount of damages to appellant. At the trial the jury awarded the appellant the sum of $55, which amount is conceded to be sufficient for the land actually taken and for the damages to the land described in the petition. The errors alleged go to the refusal of the court to allow certain evidence offered by appellant.

Respondent moves to dismiss this appeal because no motion for a new trial was made by appellant. On questions of this character no motion for a new trial is necessary. *Carter v. Seattle*, 21 Wash. 585 (59 Pac. 500); Bal. Code, § 5056. The motion to dismiss is therefore denied.

The court at the trial limited the inquiry as to the damages to the lands actually taken and to the remainder of the lands described in the petition, which were lots 8 and 14 in section 19. The appellant offered to show that it was the owner of other lands adjacent to the tract described in the petition, and which will be damaged by increased expense in logging the timber therefrom by reason of the ditch and flume, and also by reason of the obstruction in the river. Five sections of these lands lie to the northwest of section 19, on the opposite shore of the river from the lands sought to be condemned. These sections are not adjoining, except that they corner together. They do not comprise a continuous tract, but lots 1 and 7 and the east half of the southeast quarter of section 19 are in one body with lots 8 and 14, described in the petition, and constitute an entire tract. We think the court erred in not permitting evidence by appellant to show what damage the construction of the ditch and flume would cause to the lands owned by appellant in one body in section 19. Section 16, art. 1, of the Constitution, pro-

vides: "No private property shall be taken or damaged for public or private use without just compensation having been first made." This court has held that the measure of damages in such cases is the value of the land taken, together with damages to the land not taken. *Seattle & M. Ry. Co. v. Roeder,* 30 Wash. 244 (70 Pac. 498). Where damages are allowed for part of a tract of land not taken, it sometimes becomes difficult to determine what is to be regarded as an entire tract. "In general, it is so much as belongs to the same proprietor as that taken, and as continuous with it, and used together for a common purpose." 2 Lewis, Eminent Domain (2d ed.), § 475. The lands in section 19 belonging to appellant are one continuous tract. Lots 8 and 14 are fractional parts of the section designated as lots. Respondent could not limit the damages by describing in his petition only a part of the tract of land. If the ditch and flume make logging operations on this piece of land more difficult or expensive, and thereby render the land with the timber on it less valuable, this may be shown to increase the damages.

In regard to the other sections of land, the court, we think, properly rejected evidence as to damages thereto, because they are not adjacent to section 19, and are contiguous only by reason of the fact that section 17 has a common corner with section 19. Other sections likewise corner with each other at a common point. These lands are on the opposite side of the river from the lands through which the ditch and flume run, and are from one to five miles distant from the proposed improvement. If they shall be damaged at all, it is by reason of the dam across the Sultan river, which may become an obstruction to the logs floated down, and not by reason of the right of way condemned across other lands of appellant, or of any im-

provement upon appellant's lands.  It is conceded in the
case that respondent has a right to build the dam, and
that one end of it only will rest upon the part of section 19
owned by appellant.  Appellant also conceded that the
river is navigable only for floating logs down stream.
Whether the dam across the river will injure the lands
of appellant located above it will depend upon whether
or not it is an obstruction to such navigation.  If the dam
should be constructed or maintained in such manner as
to prohibit navigation, then appellant, or any per-
son injured thereby, may require the removal of such ob-
struction, and recover his damages.  *Carl v. West Aber-
deen Land & Imp. Co.,* 13 Wash. 616 (43 Pac. 890);
Gould, Waters (3d ed.), § 110.  If respondent has a right
to build the dam across the river, if he proposed to do it
in a lawful manner, so as not to prohibit navigation, and
so that each end would rest on his own land, and no in-
jury were done by reason of flooding upper lands, cer-
tainly no one could complain.  It would not be necessary,
in such event, for respondent to litigate in advance any
injury which might be claimed by upper proprietors by
reason of the increased cost in navigating the river.  The
fact that respondent proposes to erect a dam with
one end thereof upon a piece of appellant's land, which
is being condemned for the purpose, does not require re-
spondent to litigate in such condemnation proceedings
damages which may be claimed by appellant, or others who
may own lands above, for an obstruction to navigation of
the river.  The right to the navigation of the river is
a right common to the public.  It is not a part of the land
of appellant, and not an incident or appurtenant thereto,
and therefore appellant cannot recover for an obstruction
to the navigation of the river until he has suffered an

injury.  The argument is made that on appellant's lands are large bodies of timber, which can be more cheaply taken to market down the Sultan river than any other way, and that the construction of this dam will add a dollar per thousand feet to the cost of marketing this timber, resulting in a loss of something like $80,000 to appellant. Conceding these facts to be true, they afford no reason for litigating that question of damages in this proceeding, because these damages do not flow from the taking or damaging of appellant's lands.  They flow from the obstruction of a highway, which appellant and all others who will be damaged in the same way, if at all, are privileged to use. If appellant owned no lands, but was engaged in logging, buying, and floating logs down the Sultan river from above this dam to the market, it would be injured in the same way, and probably to the same extent, as it now claims it will be injured.  Yet under such circumstances no one would claim that appellant would be a necessary, or even a proper, party to an action to condemn lands on which to build a dam across the river.  Nor would it be necessary that damages be assessed and paid to appellant before respondent could build the dam.  An adjudication of damages in this case will not be an adjudication of injuries which may arise in regard to the navigation of the river.

Appellant also complains because the court refused to permit questions as to the use of the water for a fish pond.  He was permitted to ask the president of the respondent company if the water was for use for that purpose, and the answer was in the negative.  The witness was then asked if he had not stated to other persons that the water was to be put to such use.  We think this

evidence was properly excluded, for the reason that the court had already adjudged what the use was for.

For the error above discussed, the cause is reversed for further proceedings.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.