[No. 5473. Decided February 23, 1905.]

J. S. CREECH et al., Respondents, v. HUMPTULIPS BOOM AND RIVER IMPROVEMENT COMPANY, Appellant.[1]

WATERS—OBSTRUCTION OF NAVIGABLE SLOUGH—FLOATING OF LOGS TO MARKET—DELAY—DAMAGES—ITEMS RECOVERABLE—PLEADING—COMPLAINT—SUFFICIENCY. In an action for damages for the obstruction of a navigable slough by the storage of logs therein, where it was alleged generally in the complaint, that the plaintiffs were prevented from putting their logs therein and bringing them to market, and were put to great delay and expense and prevented from using their logging engine and keeping their men employed,

1,Reported in 79 Pac. 633.

to their damage in the sum of $500, and $25 per day thereafter, it is proper, in the absence of a demand for a bill of particulars or motion to make more definite, to receive evidence that plaintiffs' logging engine and crew of men were idle for a certain period, and that the crew was discharged and another hired at a higher rate of wages; since the complaint sufficiently covers such items of damage, and the obstruction was the natural and proximate cause thereof.

SAME—REMOVAL OF OBSTRUCTIONS—DENIAL OF RIGHT—MEASURE OF DAMAGES—INSTRUCTIONS. In an action for damages for the obstruction of a navigable slough by the storage of logs therein, where the defendant denied that the same was navigable or a public highway, claiming the right to use and obstruct the same under a lease from abutting owners, it is proper to deny the defendant's request for instructions to the jury to the effect that, if the plaintiffs could have removed the obstructions without a breach of the peace, the measure of their damages would be the cost of such removal and damages for the delay during the time reasonably necessary to remove the same.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered July 15, 1904, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages for the obstruction of a navigable slough by the storage of logs therein.   Affirmed.

*John C. Hogan*, for appellant.

*J. B. Bridges*, for respondents.

RUDKIN, J.—This was an action to recover damages caused by the obstruction of a navigable stream or slough. The complaint alleged, generally, that the plaintiffs had purchased a quantity of merchantable timber in Chehalis county, and that, under the contract of purchase, they were required to remove the timber from the land within one year from date of purchase, and that the only practicable or available way to remove the timber from the place of purchase to market was through a certain slough, connected with the Chehalis river, and thence down the river to the

mills; that this slough was navigable for the purpose of floating logs; that the defendant company had stored large quantities of logs in this navigable slough, thereby wholly obstructing the same, so that the plaintiffs, for a long period of time, were unable to use the slough for the purpose of floating their logs to market; that the plaintiffs had requested the defendant company to remove its logs, so stored in the slough in question, and to cease obstructing the same, but that the defendant company failed, neglected and refused so to do, for a period of more than six weeks; that the plaintiffs had cut a large quantity of the timber so purchased, and sawed the same into logs and piling, and were in great need of placing the same in said slough for the purpose of transporting the same to market, but were unable to do so by reason of the obstructions complained of; that, at various times during the thirty days prior to the commencement of this action, the plaintiffs had notified the defendant company of their desire to place their timber in the waters of said slough, and had notified the defendant company that the plaintiffs were greatly damaged by said obstructions, and that they had cut large quantities of logs and piling, and that they were in great need of marketing the same; that they were greatly delayed and were put to great expense by reason of said obstruction; that they were unable to use their logging engine which was upon said land, and were unable to keep the hired help in their camps employed; that the plaintiffs had been damaged in the sum of $500 by reason of such obstructions, and would be damaged thereafter in the sum of $25 for each and every day until such obstruction was removed. The prayer of the complaint was for an injunction and for damages. At the trial no claim was made for injunctive relief, and the question of damages was tried before a jury. From a judgment en-

tered upon the verdict in favor of the plaintiffs, this appeal was taken.

Under the complaint, the substance of which is stated above, the respondents offered to prove the following items of damage: (1) That their logging engine was idle for a certain period of time; (2) that their crew of men was idle for a certain period of time; and (3) that they were compelled to discharge their crew of men, and employ others at a higher rate of wages, all because of the obstructions complained of. To this offer the appellant objected, on the ground that the damages claimed were special, and were not specially or sufficiently pleaded. In the absence of a demand for a bill of particulars, or a motion to make the complaint more definite and certain, we think the complaint was sufficiently specific to cover and admit proof of the items of damage claimed. The appellant was sufficiently advised by the complaint that the respondents were damaged, and of the nature and extent of the damages claimed. We are also of the opinion that the obstruction of the slough was the natural and proximate cause of all such items of damage.

The first instruction complained of referred to these three items of damage, and, for the reasons already stated, the court committed no error in giving such instruction.

The appellant requested the court to instruct the jury that, if they believed from the testimony that the slough in question was navigable and a public highway, and that the appellant obstructed the same by placing logs therein, and that such obstruction was specially injurious to the respondents, and that the respondents could have removed such obstructions without committing a breach of the peace, and the appellant did not prevent their so doing, the respondents would not be entitled to recover from the appellant any greater amount of damages than the reasonable

cost of removing the obstructions, and such further damages as resulted from the delay of their business, during such length of time as was reasonably necessary to remove the same. The appellant company, by its answer, at the trial, and at all times prior thereto, denied that the slough in question was navigable or a public highway, and claimed the absolute and exclusive right to use and obstruct the same, under a lease from the abutting property owner. Under these circumstances, there was no error in the refusal of the court to give the instruction requested.

Finding no error in the record, the judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, and DUNBAR, JJ., concur.

ROOT and CROW, JJ., took no part.