[No. 8386. Department One. December 11, 1909.]

OLIF SHOLIN, *Respondent*, v. SKAMANIA BOOM COMPANY, *Appellant*.[1]

JURY—RIGHT TO JURY TRIAL—DEMAND. It is discretionary to submit the issues to trial by jury, although no demand for a jury was made before trial, as required by Laws 1903, page 50, to avoid a waiver of the right.

CONTINUANCE—ABSENCE OF EVIDENCE—DISCRETION—COSTS. It is discretionary to grant a continuance to enable a party to secure evidence, and error cannot be predicated thereon when the adverse party did not ask for costs as a condition precedent.

[1]Reported in 105 Pac. 632.

HIGHWAYS—OBSTRUCTION—ACTION BY PRIVATE PERSON—SPECIAL DAMAGES. A mail carrier, whose route was over a bridge negligently destroyed by the defendant, sustains special damage for which he may maintain action, under the common law and under Bal. Code, §§ 5660, 5661, relating to the obstructions of highways, and authorizing actions therefor by any person injuriously affected, where, after destruction of the bridge, he sustained losses by reason of being compelled to deliver the mail by a more circuitous route.

Appeal from a judgment of the superior court for Skamania county, McCredie, J., entered November 6, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for the obstruction of a highway. Affirmed.

*George S. Shepherd* and *George E. O'Bryon*, for appellant.
*A. L. Miller* and *R. M. Wright*, for respondent.

Rudkin, C. J.—On the 19th day of May, 1906, the plaintiff entered into a contract with the United States, acting through the Postmaster General, to transport the mail from Collins, by way of Home Valley and Carson, to Stevenson and return, six times each week for the term of four years from the first day of July, 1906. At the time this contract was entered into and for some considerable time thereafter, the usual and only route of travel from Carson to Home Valley was along a public highway which crossed Wind river, a rapid mountain stream, on a public bridge constructed and maintained by Skamania county. The defendant is a corporation organized under the laws of this state, and at the times herein mentioned was engaged in driving logs and other timber products down Wind river. On the 19th day of October, 1906, the defendant so negligently conducted its logging operations that the bridge in question was carried away and destroyed. On the 17th day of November following, the defendant paid to Skamania county the sum of $1,000, in full settlement for any and all loss or damage sustained by the county by reason of the destruction of the bridge. After the destruction of the bridge the plaintiff was compelled to carry the mail down the Colum-

bia river by boat, and thence overland by a circuitous route to the several postoffices and places of delivery. The present action was instituted to recover the special damages resulting to him from the destruction of the bridge. The case came on for trial on the 6th day of February, 1908, but, after a portion of the testimony had been introduced, the court sustained an objection to oral testimony tending to show the terms and conditions of the mail contract between the plaintiff and the government. A continuance was thereupon granted, on the plaintiff's application, to enable him to procure a certified copy of the mail contract which was on file in the Post Office Department. A second trial was had on the 8th day of November, 1908, resulting in a judgment in favor of the plaintiff in the sum of $100, from which this appeal is prosecuted.

When the case was called for trial the appellant objected to a trial by jury, for the reason that the respondent did not, at or before the time the case was called to be set for trial, serve upon the opposite party or his attorney, and file with the clerk of the court, a statement of himself or attorney that he elected to have the case tried by jury, as required by the act of March 6, 1903, Laws of 1903, p. 50. In answer to a similar complaint in *Knapp v. Order of Pendo*, 36 Wash. 601, 79 Pac. 209, we said:

"It is within the discretion of the trial court to permit a demand for a jury to be made after the case is called to be set for trial, or to submit the issues of fact in a case to a jury of its own motion, and no error can be predicated upon its ruling in that regard."

To the same effect, see *Fleming v. Wilson*, 39 Wash. 106, 80 Pac. 1104; *Hart v. Cascade Timber Co.*, 39 Wash. 279, 81 Pac. 738.

The granting of a continuance of the first trial is also assigned as error. This ruling was clearly within the discretion of the trial court. Had the court refused the continuance the respondent could have taken a voluntary nonsuit, and the appellant would have gained nothing by such a course

20—56 WASH.

except a recovery of its costs. Perhaps the court would have imposed this burden upon the respondent as a condition to the granting of a continuance, had the appellant requested it, but no such request was made.

The remaining assignments of error go to the sufficiency of the complaint and to the sufficiency of the evidence to make out a cause of action. Upon this question there is a conflict of authority, both within and without this state. All the authorities agree that a private action for the obstruction of a public highway is only maintainable by those who suffer some particular loss or damage therefrom beyond that suffered by the general public. Interference with a common right does not, of itself, afford a cause of action to the individual, but special or particular damages consequent upon such interference does. There is little difficulty in stating the general rule, but when we look to the decided cases to ascertain what constitutes particular or special damages within the meaning of the rule, we find a hopeless conflict. Any attempt to review the authorities, or to extract from them a rule which might be said to be sustained by the weight of authority, would be both futile and fruitless. The extreme view on the one side is perhaps taken in Massachusetts, where it has been held in numerous cases that individuals suffering very considerable loss and damage from the obstruction of navigable streams and public highways have no right of action, because their loss differs in degree and not in kind from that sustained by the general public. Many of the cases from that state may be found cited in *Jones v. St. Paul M. & M. R. Co.*, 16 Wash. 25, 47 Pac. 226, upon which the appellant chiefly relies. The extreme view on the other side is perhaps taken in Maine, where it has been held that a person stopped by an obstruction in a public highway while returning home with a loaded team, and compelled to return by a more circuitous route, suffered special damages and had a right of action against the wrongdoer. *Brown v. Watson*, 47 Me. 161, 74 Am. Dec. 482. A review of many cases bearing upon this general question

will be found in *Viebahn v. Crow Wing County Com'rs*, 96 Minn. 276, 104 N. W. 1089, reported in 3 L. R. A. (N. S.) 1126, and in the note to that case. The rule is thus stated in Elliott on Roads and Streets (2d ed.), §669:

"As a general rule, no person can maintain an action for damages from a common nuisance where the injury and damages are common to all. But if a person sustains a special damage, peculiar to himself, from the obstruction of a highway, whether it be to his person or his property, he may maintain an action therefor. Thus, obstructing and cutting off the access to a person's place of business is a special injury, for which he may recover damages in an action at law; and ejectment or trespass will lie against one who wrongfully places an obstruction of a permanent character upon that part of a highway in which the complainant owns the fee. So, if the complainant, by reason of an obstruction in a highway, is compelled to turn back or go by a more circuitous route, whereby he is specially damaged by being rendered unable to perform a contract, he may maintain an action therefor; and the same is true if, by reason of such obstruction, he sustains peculiar damage in the labor of himself and his servants to remove the obstruction. So, where an obstruction wrongfully placed by a third person in a highway causes travelers to pass around it over the adjoining land, whereby the crops of the landowner are injured, the latter may have his action against the person creating the obstruction. But a mere delay caused by an obstruction, unaccompanied by special injury, does not, as a rule, give any right to an action for special damages."

In *Wakeman v. Wilbur*, 147 N. Y. 657, 42 N. E. 341, the court said:

"The referee found from evidence entirely sufficient that the plaintiff was obliged to use the road in the winter for the purpose of drawing logs, but on account of the obstruction he was for several days compelled to take another and much longer route, to his pecuniary damage; that at other times he was obliged to clear the road from the drifts of snow that had accumulated in consequence of the fence, which required time and labor, and in some other respects he was put to expense in the use of the road for his lawful business, by reason of the

defendant's acts. . . . These findings bring the case within the principle which permits a private person to maintain an action to abate a public nuisance, and to recover the damages which he sustained and which were special and peculiar to himself, growing out of necessity on his part to use the road at the time of the obstruction more frequently, perhaps, than his neighbors. The obstruction was, no doubt, an offense against the public, but it was none the less, in a special and peculiar sense, an injury to the plaintiff."

In *Knowles v. Pennsylvania R. Co.*, 175 Pa. St. 623, 34 Atl. 974, 52 Am. St. 860, it was held that one who contracted to haul dirt at a specified price per load might recover damages from a railroad corporation for thereafter erecting and maintaining a fence across a highway which was the natural route from the place where the dirt was taken to the place of delivery, and over which several loads could have been hauled in the time required to haul one load by the circuitous route which the contractor was compelled to take because of the obstruction. See, also, *Milarkey v. Foster*, 6 Ore. 378, 25 Am. Rep. 531.

In *Jones v. St. Paul M. & M. R. Co.*, *supra*, this court followed the extreme views of the supreme judicial court of Massachusetts, and held that the owner of a steamboat accustomed to navigate a river could not recover damages caused by an obstruction to navigation, compelling him to tie up his boat for several days. This case is in conflict with many decisions of this court and is opposed to the weight of authority. *Viebahn v. Crow Wing County Com'rs*, *supra*, and cases there cited.

Thus in *Earl v. West Aberdeen Land & Imp. Co.*, 13 Wash. 616, 43 Pac. 890, it was held that persons engaged in driving logs might maintain an action to abate a dam which constituted an obstruction to navigation. To the same effect are *Sultan Water & Power Co. v. Weyerhauser Timber Co.*, 31 Wash. 558, 72 Pac. 114; *Monroe Mill Co. v. Menzel*, 35 Wash 487, 77 Pac. 813, 102 Am. St. 905, 70 L. R. A. 272; *Dawson v. McMillan*, 34 Wash. 269, 75 Pac. 807. The rule

has been extended to actions to enjoin or abate other nuisances. *Ingersoll v. Rousseau*, 31 Wash. 92, 76 Pac. 513; *Wilcox v. Henry*, 35 Wash. 591, 77 Pac. 1055.

In *Creech v. Humptulips Boom & River Imp. Co.*, 37 Wash. 172, 79 Pac. 633, it was held that individuals injured by the obstruction of a navigable slough might recover special damages caused by the obstruction. In *Smith v. Mitchell*, 21 Wash. 536, 58 Pac. 667, 75 Am. St. 858, it was held that where the only means of ingress and egress to and from the lands of a private person, in order to reach a market for the products of his farm and nursery, is over a public highway, the obstruction of such highway is of such special injury as will sustain an action to enjoin the nuisance under Bal. Code, § 3093, which provides that, "A private person may maintain a civil action for a public nuisance, if it is specially injurious to himself, but not otherwise." Bal. Code, § 5660, provides that, "The obstruction of any highway . . . is a nuisance, and the subject of an action for damages and other and further relief." The following section, 5661, provides that "Such action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance." Under these sections, and under what we believe to be the weight of authority, the present action is maintainable. A rule that prohibits such actions may tend to discourage litigation but does not tend to promote justice.

The judgment of the court below is affirmed.

FULLERTON, CHADWICK, MORRIS, and GOSE, JJ., concur.