[No. 8855.  Department One.  December 21, 1910.]

W. D. Ingalls *et al.*, *Appellants*, v. George W. Eastman, *Respondent.*[1]

Highways—Obstruction—Special Damages. The obstruction of a highway may be enjoined by one who suffers a special damage in that he uses the highway at least twice a day to go from his residence to another tract which he was farming, and the obstruction required him to use another road with worse grades and twice the distance.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered December 8, 1909, upon sustaining a demurrer to the complaint, dismissing an action to enjoin the obstruction of a highway and for damages. Reversed.

*Frank A. Luse*, for appellants.

Gose, J.—The plaintiffs are the owners of a part of the northwest quarter of the northeast quarter of section 28, and of the northwest quarter of the northwest quarter of section

[1]Reported in 112 Pac. 372.

19—61 Wash.

34, township 13, N. R. 18, E., in Yakima county. They reside upon the former tract, and farm both pieces of land. There is a public highway leading directly from their residence to their land in section 34. About six months before the commencement of the action, the defendant obstructed the highway by building a wire fence across it. In addition to the facts stated, the complaint alleges that the defendant will continue to maintain the obstruction unless required to abate it by a judicial order; that the plaintiffs go from their home to the land in section 34 at least twice each day; that they have made more than three hundred round trips since the creation of the obstruction; that owing to the obstruction they have been compelled to travel about twice the distance upon each trip, and that the closed highway has the better grade. A demurrer was interposed to the complaint, raising two questions: (1) that the complaint does not state facts sufficient to constitute a cause of action, and (2) that the court has no jurisdiction of the subject-matter or the parties. From a judgment sustaining the demurrer and dismissing the action, the plaintiffs have appealed.

It is apparent that the appellants suffer a special damage beyond that suffered by the general public, and that their property is injuriously affected and their personal enjoyment lessened within the meaning of the statute. See Rem. & Bal. Code, §§ 943, 944, and 8316. The question presented by the demurrer has recently received careful consideration by this court. Sholin v. Skamania Boom Co., 56 Wash. 303, 105 Pac. 632. Under the view there announced, the complaint states a cause of action. No brief has been filed on behalf of the respondent. The court had jurisdiction of the subject-matter and the parties, and erred in sustaining the demurrer. The order sustaining the demurrer was entered before the opinion in the Sholin case was filed.

The judgment is reversed for further proceedings.

Rudkin, C. J., Fullerton, Mount, and Parker, JJ., concur.