[No. 13951.   Department Two.   May 23, 1918.]

# PUGET SOUND TRACTION, LIGHT & POWER COMPANY, Appellant, v. J. H. GRASSMEYER et al., Respondents.[1]

INJUNCTION—UNLAWFUL OCCUPATIONS—PARTIES SPECIALLY INTER-ESTED — MUNICIPAL CORPORATIONS — JITNEYS — REGULATION.   A street car company having a franchise to carry passengers for hire in a city may maintain an action to enjoin, as unlawful interference therewith, the carriage of passengers, cutting down its revenues, by motor vehicles in defiance of Rem. Code, § 5562-37 et seq., regu-lating the privilege and requiring as a condition precedent that such carriers give a bond to protect passengers against personal injuries; and it is immaterial that the company has no interest in the bond.

SAME—RESTRAINING NUISANCE—UNLAWFUL OCCUPATIONS—JITNEYS. Such action is maintainable, since to engage in any form of busi-ness in defiance of laws regulating the same is a nuisance per se, to be enjoined by any one suffering a special injury thereby; even though there be legal remedy by arrest and punishment.

MUNICIPAL CORPORATIONS — STREETS — JITNEYS — REGULATION.   A "for hire" license, under Rem. Code, § 5562-1, does not authorize the carriage of passengers for hire in cities of the first class, until the owner has complied with Id., § 5562-37 et seq., requiring, as a condition precedent, the giving of a bond to protect passengers from personal injuries.

SAME.   Rem. Code, § 5562-37 et seq., requiring a bond for the pro-tection of passengers in motor vehicles operated for hire in cities of the first class, applies whether the vehicles are operated over fixed routes or not.

SAME—USE OF STREETS—MOTOR VEHICLES—REGULATION—BONDS—CONSTITUTIONAL LAW—DUE PROCESS—EQUAL PROTECTION OF LAWS. The jitney bus act, Rem. Code, § 5562-37 et seq., requiring city motor carriers of passengers for hire to give a security bond executed by a qualified surety company, is not invalid because of the fact that there are no qualified surety companies from which such bonds are obtainable; since the state in the exercise of its police power can prohibit the use of the streets as a place of private business.

INJUNCTION—UNLAWFUL OCCUPATIONS—PARTIES SPECIALLY INTER-ESTED.   Where the sole business of a street railway company is de-

[1] Reported in 173 Pac. 504.

rived from the fares collected from passengers carried, any depriva-
tion of such fares is an interference with its property and special
damages if in violation of law, entitling the company to injunctive
relief.

INJUNCTION—UNLAWFUL OCCUPATION—JITNEY BUSSES.  In injunc-
tion to restrain the operation of jitney busses in violation of a city
ordinance, an answer that defendant's motor vehicles are not oper-
ated as jitney busses, states a good defense.

Appeal from a judgment of the superior court for
Whatcom county, Hardin, J., entered October 14, 1916,
in favor of the defendants, dismissing an action for
injunctive relief, tried to the court.   Reversed.

*Newman & Kindall* and *Clinton W. Howard,* for ap-
pellant.

*R. W. Greene* and *Morris J. Schwartz,* for respond-
ents.

FULLERTON, J.—The appellant, as plaintiff, began
this action in the court below seeking injunctive relief.
It divided its complaint into two causes of action.   In
the first it alleged, in substance, that it now is, and
that it and its predecessor in interest for many years
past have been, operating, under valid franchises hav-
ing many years yet to run, a system of street railways
for carrying passengers in the city of Bellingham,
which it has constructed and equipped at a cost ex-
ceeding $1,000,000; that it operates its street cars on
convenient schedules, in compliance with its franchises
and the laws of the city of Bellingham as expressed
in its ordinances and the laws of the state of Washing-
ton as expressed in its statutes, and will continue to
do so unless compelled to cease operations through
losses caused it by the action of the defendants; that
the city of Bellingham enacted an ordinance which,
among other things, defines jitney bus operation, pre-
scribes an occupation tax for each bus and each driver

thereof, and makes it unlawful to engage in that business without obtaining a license and permit so' to do; that none of the defendants have complied with the requirements of the ordinances; that they have been, for many months prior to the filing of the complaint, using, operating and driving motor propelled vehicles as jitney busses in violation of the ordinance and in disregard of its provisions and in such manner as to constitute a nuisance; that their action is specially injurious to the plaintiff, in that they run at excessive rates of speed, and dart in front of the plaintiff's cars, thus compelling them to stop suddenly to avoid collisions; that they run dangerously close to the cars when stopped to receive and discharge passengers, thus endangering the lives of such passengers; that they pick up and carry passengers who would otherwise ride on the plaintiff's cars, thus causing a loss of revenue from seventy-five to one hundred dollars per day; that, if the operation of the defendants is permitted to continue, the losses suffered by the plaintiff will compel it to cease operating its street cars, to its irreparable loss and damage and to the damage of the people of the city of Bellingham. The second cause of action sets forth the same state of facts as the first, with the exception that the law alleged to be violated by the defendants is ch. 57 of the acts of the legislature of the state of Washington for the year 1915 (Laws 1915, p. 227; Rem. Code, § 5562-37 *et seq.*), in that they have not procured and filed the bond therein required as a condition precedent to the operation of motor propelled vehicles in cities of the first class.

On filing its complaint, the plaintiff sought a temporary injunction, which was granted upon its second cause of action and denied as to the first. The defendants then demurred to the complaint, which demurrer

being overruled, they answered, making certain denials and setting up four affirmative defenses.

In the first affirmative defense it is alleged that the defendants operate their motor propelled vehicles as automobiles for hire, and not as jitney busses or auto stages; that they operate both within and without the city of Bellingham, and in part on streets and highways not covered by the plaintiff's railway tracks; that they have procured and operate under "For Hire" licenses from the state of Washington, issued pursuant to chapter 142 of the Laws of 1915, p. 385 (Rem. Code, § 5562-1 et seq.), and have obtained and hold "taxi" licenses from the city of Bellingham; that to confine their business within the scope of the ordinance set forth in the plaintiff's complaint would render the business unprofitable; and "allege and aver that plaintiff well knows that the business of the defendants and each of them would be utterly and totally destroyed if defendants entered into the contract and agreement with the city of Bellingham prescribed in said alleged ordinance;" and that the sole object and purpose of plaintiff in prosecuting this action is to attempt to compel the defendants through litigation, to abandon their business.

In the second defense the matters set forth in the first are adopted and made a part thereof by reference. It is then alleged that the nature of the business carried on by the defendants is a public service in the line of transportation for hire to the public generally; that the defendants and each of them in rendering such service use the public highways of the city of Bellingham and Whatcom county generally; that, pursuant to the constitution and the laws of the state of Washington, municipal corporations, including cities of the first class, are prohibited from granting exclusive franchises and monopolies, and that the ordinance

set forth in the plaintiff's complaint grants an exclusive franchise and monopoly and was not otherwise passed pursuant to the charter of the city.

The third defense refers to and adopts by reference the allegations of the first and second defenses and sets up as new matter the inability of the defendants, at any reasonable cost, to procure the bonds required by chapter 57 of the Laws of 1915, p. 227 (Rem. Code, § 5562-37 *et seq.*).

The fourth affirmative defense adopts and incorporates therein by reference the allegations of the three preceding defenses, and further sets up that the plaintiff itself operates motor propelled vehicles in the city of Bellingham in violation of law; that it entered into agreements with certain of the respondents under which the differences between them concerning their several rights might be tested in the courts, which the plaintiff violated, and avers that, for these reasons, it is not in court in its present action with clean hands.

Demurrers were interposed by the plaintiff to the several affirmative defenses. These were sustained in part and overruled in part, whereupon the plaintiff filed a reply containing admissions and denials and new matter in explanation and avoidance. A demurrer to much of the new matter was interposed by the defendants, on which no separate ruling was made by the court. The parties thereupon entered into the following stipulation:

"It is stipulated between the parties hereto by their respective attorneys as follows:

"(1) It is the contention of the defendants that the bond required to be filed with the secretary of state by chapter 57 of the legislative acts of the state of Washington for the year 1915 is to secure against personal injury only and that the plaintiff is not a beneficiary in any bond required to be filed by such act, and (a) that by reason thereof the plaintiff is not en-

titled to maintain the second cause of action set forth
in its complaint, as the facts therein alleged are in-
sufficient to constitute a cause of action, and (b) that
for the same reason, since ordinance 2543 makes it a
condition precedent to the issuance of a jitney bus li-
cense, as well as to the issuance of a driver's permit,
that the applicant must have first filed the bond and
obtained the permit required by such act of the legis-
lature, the plaintiff is not entitled to maintain the first
cause of action set forth in its complaint, as the facts
therein alleged are insufficient to constitute a cause of
action.

"(2)  It is the contention of the plaintiff that, irre-
spective of whether such bond is to secure against per-
sonal injury only, and irrespective of whether the
plaintiff is or is not a beneficiary in any bond required
to be filed with the secretary of state by chapter 57
of the legislative acts of the state of Washington for
the year 1915, the plaintiff is entitled as a matter of
law upon the facts alleged in its complaint and in its
reply to the defendants' amended answer to maintain
each of the causes of action set forth in its complaint,
and that the facts alleged in each are sufficient to con-
stitute respectively a first and second cause of action
as set forth in such complaint.

"(3)  Should the court be of the opinion that the
contentions of the defendants as set forth in paragraph
1 hereof are well founded in law, it may treat the de-
murrers of the defendants to the "Reply to Amended
Answer" (filed under one cover October 5th, 1916)
as a demurrer to the complaint and reply, and in the
event such contentions of the defendants and such de-
murrers are sustained, that the plaintiff be allowed an
exception as to each contention and each demurrer sus-
tained, as well as an exception to the court's failure
to sustain the contention of the plaintiff set forth in
paragraph 2 hereof.

"(4)  Should the court be of the opinion that the
contentions of the defendants as set forth in paragraph
1 hereof are not well founded in law, but that the con-
tention of the plaintiff as set forth in paragraph 2
hereof is well founded in law, and should the court

overrule such contentions of the defendants and such demurrers, an exception is to be allowed to the defendants as to each contention and each demurrer so overruled, as well as an exception to the court's failure to sustain the contentions of the defendants as set forth in paragraph 1 hereof.

"(5)    This stipulation is entered into in order to furnish to the defendants the opportunity of speedily presenting to the trial court the disposition of this case independent of technicalities on what defendants contend to be a controlling question of law, with the right in either party to except and timely appeal to the supreme court.''

The cause was then submitted to the judge of the superior court on the pleadings as supplemented by the stipulation, and the following judgment entered:

"On this the 14th day of October, 1916, this cause coming on for the entry of this order, plaintiff appearing. by Newman & Kindall and C. W. Howard, its attorneys, and all of the defendants excepting the defendant A. L. Allen appearing by Morris J. Schwartz and Craven & Greene, their attorneys, and the court having examined the stipulation between the plaintiff and all of the defendants excepting the defendant A. L. Allen, which stipulation was filed herein on the 14th day of October, 1916, and the court being of the opinion that the contentions of such defendants as set forth in paragraph 1 of such stipulation are well founded in law, sustains the same and pursuant to the 3d paragraph of such stipulation treats the demurrers of such defendants to the 'Reply to Amended Answer' (filed under one cover October 5th, 1916) as a demurrer to the complaint and reply and hereby sustains such demurrers and each. of the same, to all of which the. plaintiff asks and is severally allowed an exception, including a separate exception to the failure of the court to sustain the plaintiff's contention set forth in paragraph 2 of such stipulation and including a separate exception to the sustaining of such contentions of such defendants, and a separate exception to the sustaining of each separate demurrer considered as addressed to

both the complaint and reply.  The plaintiff now elect-
ing in open court to stand on such complaint and reply
and declining to further plead,

"It is by the court ordered that plaintiff's action be
and the same is hereby dismissed at plaintiff's costs
in the sum of $—— to be taxed by the clerk of this
court."

The plaintiff appeals.

From the recitals in the stipulation and judgment it
is gathered that the trial court rested its conclusion
on the ground that neither of the causes of action set
out in the plaintiff's complaint stated a cause of action
because the plaintiff was not a beneficiary of the bond
required by statute to be given by operators of motor
propelled vehicles carrying passengers for hire in
cities of the first class as a condition precedent to such
operation.  The reasoning seems to be that, since the
bond required to be executed by the operators of jitney
busses in the class of cities named is only for the pro-
tection against personal injuries of passengers car-
ried, the plaintiff, as an operator of a different mode
of carriage, has no interest therein and cannot, for that
reason, complain of a violation of the statute or ordi-
nance.  But it has seemed to us that this reasoning
does not meet the actual cause of action set forth in
the complaint.  In substance, the cause of action set
forth is, that the plaintiff has a franchise authorizing
it to operate a street car system in the city of Belling-
ham by which it carries passengers for hire; that the
defendants engage in the business of carrying pas-
sengers for hire in the same city in violation of both
the ordinances of the city and the state statutes, and
that such operation is specially injurious to the plain-
tiff, as it deprives it of revenues which it would other-
wise receive.  The actual question presented, therefore,
is, do these facts entitle the plaintiff to injunctive relief.

It is our opinion that a cause of action is stated in each of the separate causes of action set forth in.the complaint, and this for at least two reasons: First, the plaintiff has a franchise granted it by the sovereign power authorizing it to carry passengers for hire on the streets of the city of Bellingham. This franchise is property, and any unlawful interference therewith is actionable. It is true the franchise is not exclusive in the sense that the sovereign power may not grant a similar right to another, but it is exclusive against any one who assumes to exercise the privilege of carrying passengers in the absence of authority or in defiance of the laws regulating the privilege. To do so is unlawful, and since the plaintiff is injuriously affected thereby, it is entitled to injunctive relief. *Memphis St. R. Co. v. Rapid Transit Co.,* 133 Tenn. 99, 179 S. W. 635, Ann. Cas. 1917C 1045, L. R. A. 1916B 1143; *Walker v. Armstrong,* 2 Kan. 198; *Patterson v. Wollmann,* 5 N. D. 608, 67 N. W. 1040, 33 L. R. A. 536; *Boston & L. R. Corp. v. Salem & L. R. Co.,* 2 Gray (Mass.) 1; *Tulsa St. R. Co. v. Oklahoma Union Traction Co.,* 27 Okl. 339, 113 Pac. 180; *Memphis St. R. Co. v. Rapid Transit Co.,* 138 Tenn. 594, 198 S. W. 890; McQuillin, Municipal Corporations, § 1771; Pomeroy, Equitable Remedies, §§ 583, 584.

Again, to engage in any form of business in defiance of laws regulating or prohibiting the business is a nuisance *per se,* and a person so engaging therein may, in this jurisdiction, be enjoined from so doing by any one suffering a special injury thereby. Rem. Code, §§ 943, 944, 8316; *Carl v. West Aberdeen Land & Imp. Co.,* 13 Wash. 616, 43 Pac. 890; *Ingersoll v. Rousseau,* 35 Wash. 92, 76 Pac. 513; *Sholin v. Skamania Boom Co.,* 56 Wash. 303, 105 Pac. 632, 28 L. R. A. (N. S.) 1053; *Ingalls v. Eastman,* 61 Wash. 289, 112 Pac. 372; *Cunningham v. Weedin,* 81 Wash. 96, 142 Pac. 453.

And such an action will lie even though there may be for the wrong committed the legal remedy of arrest and punishment. *City Cab, Carriage & Transfer Co. v. Hayden,* 73 Wash. 24, 131 Pac. 472, Ann. Cas. 1914D 731; *Huntworth v. Tanner,* 87 Wash. 670, 152 Pac. 523, Ann. Cas. 1917D 676; *State ex rel. Berry v. Superior Court,* 92 Wash. 16, 159 Pac. 92.

These conclusions, it is plain, require a reversal of the judgment in so far as it is founded upon the insufficiency of the facts stated in the complaint. The respondents, however, suggest other matters appearing on the face of the pleadings which are thought to require an affirmance, and these it is proper to briefly notice. It is said that the respondents are operating lawfully within the city of Bellingham in virtue of having taken out "For Hire" licenses under chapter 142 of the Laws of 1915, p. 385 (Rem. Code, § 5562-1 *et seq.*), and of having obtained a permit to operate in the city of Bellingham under an ordinance of that city. But the "For Hire" license alone does not permit the carrying of passengers in motor propelled vehicles in cities of the first class. Before that privilege is authorized, a bond must be furnished and a permit obtained pursuant to chapter 57 of the statutes of the same year. Nor is the latter statute inapplicable because the respondents do not operate on fixed routes, or because they charge different rates of fare for different distances, or because they sometimes carry passengers across the boundary lines of the city. The prohibition is against carrying passengers within a city of the first class in the vehicles named, and is operative so long as the passenger is being carried therein in the prohibited vehicles, no matter over what route, for what fare, or to what destination. Nor does the permit obtained from the city authorize such carriage. If it purports so to do, it is not only in violation of

the statute last referred to, but is in violation of the later ordinance upheld by this court in the case of *Allen v. Bellingham,* 95 Wash. 12, 163 Pac. 18.

Again, it is said that the bond required by the statute is impossible of procurement. This, however, is not an admitted fact in the record. While it is so alleged in one of the affirmative answers, it is denied in the reply, and as the case now stands is not to be taken as true. But conceding it to be true, it would not constitute a defense. This we have held in the recent case of *Hadfield v. Lundin,* 98 Wash. 657, 168 Pac. 516.

Finally, it is said that the damages alleged are not special within the meaning of the rule permitting injunctive relief against one who unlawfully interferes with the property rights of another. If we have correctly caught the respondents' meaning, the objection is that losses inflicted upon the plaintiff are incidental rather than direct, since there is no actual injury to its physical property. But the rule is not so narrow as the objection assumes. The sole income of the plaintiff's business is derived from the fares collected of passengers whom it carries, and any deprivation of these fares is an interference with its property—wrongful and subject to be restrained by injunction, if the interference is in violation of positive law or otherwise without legal right. Such is the effect of our decisions in *Cherry Point Fish Co. v. Nelson,* 25 Wash. 558, 66 Pac. 55, and *Ingersoll v. Rousseau, supra,* and the point was directly so ruled in the case cited from the Tennessee reports.

Since there must be a reversal, it remains to inquire what form of judgment shall be directed. As to the second cause of action, it is plain that the affirmative matter in the answer constitutes no defense, since it is admitted that the bond required by the statute

therein set forth has not been procured by the defendants, and since such a bond is required by carriers of passengers in cities of the first class in motor propelled vehicles, whatsoever may be the form of such carriage. As to the cause of action founded upon the city ordinance, a defense is stated, since the ordinance is directed against jitney bus operation, and the respondents have denied that they operate their vehicles as jitney busses as such operation is defined in the ordinance. Our conclusion, therefore, is that the temporary injunction issued should be kept in force until such time as the defendants comply with the bonding statute and make a showing of such compliance to the trial court. As to the first cause of action, the issue of fact suggested may be tried out and a judgment entered in accordance with the fact as it may be then determined.

The judgment entered is reversed, and the cause remanded with instructions to proceed as herein directed.

MOUNT, PARKER, and HOLCOMB, JJ., concur.