OWENS, J. (dissenting)
¶36 The Washington State Housing Finance Commission (Commission) sought a declaratory judgment and injunction against the National Homebuyers Fund (NHF) barring NHF from continuing to provide down payment assistance in Washington. The Commission claims that it has standing under the Uniform Declaratory Judgments Act (UDJA), chapter 7.24 RCW, arguing that its interest in prohibiting NHF from engaging in such activities in Washington is within the *542 zone of interests regulated by the Commission's enabling act, chapter 43.180 RCW. I disagree. Because chapter 43.180 RCW does not exclude other entities, governmental or otherwise, from providing down payment assistance in Washington, and because the Commission's interest in so excluding is not one of substantial public importance, I would hold that the Commission fails to establish standing.
¶37 To establish standing, the Commission must demonstrate, in part, that the interest it seeks to protect is " 'arguably within the zone of interests to be protected or regulated by the statute.' " Grant County Fire Prot. Dist. No. 5 v. City of Moses Lake , 150 Wash.2d 791, 802, 83 P.3d 419 (2004) (internal quotation marks omitted) (quoting Save a Valuable Env't v. City of Bothell, 89 Wash.2d 862, 866, 576 P.2d 401 (1978) ). However, the majority's general proposition *721 that all state-authorized entities are entitled to a presumption of standing as against all entities not expressly authorized is inaccurate and overbroad. This case is distinguishable from Day v. Inland Empire Optical, Inc., 76 Wash.2d 407, 456 P.2d 1011 (1969), and Puget Sound Traction, Light & Power Co. v . Grassmeyer, 102 Wash. 482, 173 P. 504 (1918), on which the majority relies. In both of those cases, the conduct at issue was expressly declared unlawful by positive laws (a state statute and a municipal ordinance, respectively). The interests that the plaintiffs in Day and Grassmeyer sought to protect were thus clearly within the zones of interests regulated by those laws.
¶38 Here, in contrast, chapter 43.180 RCW does not expressly declare it unlawful for entities other than the Commission to provide down payment assistance. The Commission argues that chapter 43.180 RCW implicitly prohibits other entities from doing so under the color of governmental authority. However, the plain language of RCW 43.180.010 -which states that the Commission was established in order to "make additional funds available ... to help provide housing throughout the state"-implies that the Commission's role is intended to be supplemental rather than exclusive. (Emphasis added.) In fact, the Commission identified in an interrogatory more than 25 entities aside from itself that provide down payment assistance in Washington, including numerous municipalities and government agencies.
¶39 Furthermore, chapter 43.180 RCW contains no provision protecting the Commission's geographic territory. Unlike Alderwood Water District v. Pope & Talbot, Inc., 62 Wash.2d 319, 382 P.2d 639 (1963), and Skagit County Public Hospital District No. 304 v. Skagit County Public Hospital District No. 1, 177 Wash.2d 718, 305 P.3d 1079 (2013), here, chapter 43.180 RCW does not prohibit other entities from participating in an activity within a specified territory.
¶40 While Alderwood and Skagit County reference a "general rule" against municipal corporations performing *722 "the same functions at the same time in the same territory," Skagit County, 177 Wash.2d at 726, 305 P.3d 1079 ; Alderwood, 62 Wash.2d at 321, 382 P.2d 639, this court acknowledged in Alderwood that "this so-called general rule has been virtually emasculated by the case law of this state." 62 Wash.2d at 321, 382 P.2d 639. Nonetheless, insofar as the general rule "continues to serve as a touchstone in the sense that it expresses a public policy against duplication of public functions, ... [it] should alert courts ... to the necessity of closely examining in toto statutory provisions conferring authority upon the potentially competing municipal corporations." Id.
¶41 Examining closely the statute conferring authority upon the Commission as an "instrumentality of the state," there is no plain indication that the legislature intended the Commission to be the sole governmental entity that may offer down payment assistance in Washington. RCW 43.180.040(1). Rather, the Commission exists to augment funding for state residents who could not otherwise afford to buy homes. Ostensibly, more funding, rather than less, would better achieve that goal.[1]
¶42 Viewing chapter 43.180 RCW in toto, I conclude that it does not contemplate the *543 exclusion of other governmental entities that seek to give money to low-income prospective homeowners. As such, I would hold that the Commission cannot establish standing because excluding NHF from providing down payment assistance is not ' "within the zone of interests to be protected or regulated by the statute.' " Grant County, 150 Wash.2d at 802, 83 P.3d 419 (internal quotation marks omitted) (quoting Save a Valuable Env't, 89 Wash.2d at 866, 576 P.2d 401 ).
¶43 I further disagree that the instant issue is of sufficient public importance to militate in favor of standing despite that the Commission's interests fall outside the *723 chapter 43.180 RCW's zone of interests. See Grant County, 150 Wash.2d at 803, 83 P.3d 419. The fact that "[d]ecent housing for the people of our state is a most important public concern" does not, as a matter of course, render the permissibility of NHF providing down payment assistance in Washington an issue of substantial importance. RCW 43.180.010. Rather, the Commission's pursuit of a declaratory judgment that NHF lacks authority to provide such assistance presents a narrow issue of the alleged preemptive effect of a state law, chapter 43.180 RCW, on a nonstate actor. Housing is involved only by implication. As in Grant County, where this court held that two fire districts did not have standing when the "only interest sought to be protected ... [was] protection of their tax base," here, the Commission seeks to protect its revenue base by excluding NHF from the federally insured mortgage securities market in Washington. 150 Wash.2d at 804, 83 P.3d 419.
¶44 In sum, I would hold that the Commission's claim is not within the zone of the interests protected by chapter 43.180 RCW, nor does it present an issue of substantial public importance. Thus, the Commission failed to establish standing under the UDJA. I respectfully dissent.
Gordon McCloud, J.
Madsen, J.

See Skagit County, 177 Wash.2d at 738, 305 P.3d 1079 (Madsen, C.J., dissenting) (noting that the majority's holding that one rural public hospital district may not operate within the territory of another "is contrary to this legislative intent because it has the potential to diminish rather than enhance rural patients' access to health care services").