"Wanamaker, J.
In the case of Village of Ferry sbwg v. Bidgway, recently decided by this court, ante, 245, 140 N. É., 595, it was held that municipalities of the state had full power to regulate and control the use of their streets so long as there *344 was no unconstitutional discrimination, which discrimination is in no wise claimed in this case.
The contention of the plaintiff in error here is a denial of municipal power under the Constitution of Ohio to enact such an ordinance, and there is no claim made by Murphy that he does not enjoy equal rights with every other jitney bus operator upon the streets of the city of Toledo. In the Perrysburg case it was likewise held that the use of the motor bus or jitney bus was not a mere public use, as that term has been heretofore understood in connection with traffic upon the public highways, but that such use was a commercial use, and therefore peculiarly subject to regulation and restriction.
This doctrine is laid down and followed in so many cases that it would be a waste of time and space to quote even any substantial number, but a ease clearly in point, and stating concisely the doctrine, is that of State, ex rel. Schafer, v. City of Spokane, 109 Wash., 360, 186 Pac., 864, where it is held:
“A municipality may regulate or even prohibit the operation of jitney busses on its streets, since such a use is not an ordinary and customary street use, but a special one.”
It is only stating a truism to say that the local conditions and needs of the usual public traffic in the city of Toledo were best known through the people of Toledo, their officers, and agents, and particularly that branch of the municipal government represented by the department of safety.
We feel that the questions really involved in this case, so far as pertinent, have been sufficiently discussed and rightly decided in the case of Village of Perrysburg v. Ridgway, supra, and we find no rea *345 son for further consideration or discussion of the Murphy case.
In the second case, Harding v. City of Bowling Green, the same kind and character of ordinance, in all of its essentials, is involved. It is likewise questioned here as to the power of the municipality to enact the ordinance.
The only additional question worthy of notice was the challenge made as to the reasonableness of the license provision. Upon this question it is sufficient to say that such reasonableness is a matter addressed in the first place to the legislative discretion, and it cannot be judicially challenged except where it clearly appears that it is in irreconcilable conflict with some provision of state or federal Constitution. We find no such clear conflict.
These two cases were submitted together, the same counsel appearing for plaintiff in error in each.
The ordinance of the city of Bowling Creen is a valid and constitutional ordinance. The judgment below in each of these causes is therefore affirmed.

Judgments affirmed.

Marshall, C. J., Day and Allen, JJ., concur.
Robinson, J., concurs in proposition 2 of the syllabus and in the judgment in cause No. 17914.
Jones and Matthias, JJ., concur in the judgment in cause No. 17914.
Matthias, J., concurs in the judgment in cause No. 17858.