[No. 22636. Department One. October 29, 1930.]

THE STATE OF WASHINGTON, *on the Relation of Pacific Coast Adjustment Company, Appellant,* v. R. E. TAGGART, *Respondent.*[1]

*Ackerman & Manley,* for appellant.
*E. E. Boner,* for respondent.

HOLCOMB, J.—This action was instituted in the court below to compel respondent, as justice of the peace, to assume jurisdiction of a civil case tendered him for filing by appellant. The petition of appellant alleged that respondent had refused to accept the case for filing, on the ground that he was not required by law to assume jurisdiction of civil cases excepting those brought before him on a change of venue. The petition sets out

[1]Reported in 292 Pac. 741.

the complaint which had been tendered for filing by respondent, which discloses an action on two small claims well within the civil jurisdiction of a justice of the peace. An alternative writ of mandate was issued by the superior court.

To the petition and the alternative writ, respondent answered, admitting that he is one of the justices of the peace of Aberdeen, a first class city, and alleged that he had been duly appointed, qualified and was acting police judge for that city; that the law in such cases requires such police judge and justice of the peace to give preference, first, to causes of action arising under ordinances of the city; second, the prosecution of violators of the criminal laws of the state within the city; third, civil cases coming before him on change of venue from the other justice of the peace of the city.

He further alleged that, pursuant to law and the discretion vested in him at the time appellant presented his case for filing, after giving due precedence to the matters as required by law, respondent was unable to take jurisdiction of the case and try and dispose of the same within the time required by law; that the duties of police judge and justice of the peace entail a great volume of business under the ordinances of the city and the criminal laws of the state, and respondent was not provided with a clerk. He further alleged that appellant had a plain, speedy and adequate remedy at law, in that there is another justice of the peace in and for the city of Aberdeen, duly qualified and acting, where appellant could have its case filed and procure a fair and speedy trial.

The affirmative allegations in respondent's reply, except the allegations that he is one of the justices of the peace in Aberdeen and was the duly appointed, qualified and acting police judge of that city, and that

he was required to give preference to the trials of causes as alleged therein, were denied by appellant and the cause went to trial. After hearing on the merits, judgment was entered in the court below, denying appellant any relief and dismissing the action.

We shall dispose of the case upon the law as we find it to be, without regard to the evidence offered in the trial court as to the amount of municipal and state business that would be brought before respondent, and his lack of time for such civil litigation. The principal statutes governing this matter are Rem. Comp. Stat., §§ 8992 to 9000, inclusive. A brief synopsis of some of them is necessary.

Section 8992 provides for the appointment of a police judge from the two justices of the peace authorized to be constituted and appointed for such a city. Section 8993 provides that, "in addition to his powers as justice of the peace, (he) shall have exclusive jurisdiction over all offenses defined by any ordinance of the city," etc. Section 8996 provides for a clerk to assist the police judge, and for a salary to be paid the clerk. Section 8997 provides for a salary for the police judge in addition to his salary as justice of the peace, and also requires that the city furnish him a suitable office and supplies therefor. Section 8999 provides that the police judge shall give preference to cases arising under the ordinances of the city; then to prosecutions for violation of the criminal laws of the state within the city; then to civil cases coming before him upon change of venue from the other justice of the peace in the city.

Other pertinent sections of the law relating to justice of the peace are Rem. Comp. Stat., §§ 43 to 60, inclusive. It is also an office established by the state constitution. Washington Const., Art IV, §§ 1 and 10.

Respondent contended in the court below, and

contends here, that, since § 8999, *supra,* required him, in the conduct of the business of his court, to give preference to cases arising under city ordinances, then the prosecution of violations of the state criminal laws within the city, then to civil causes coming before him upon change of venue from the other justices of the peace in the city, the statute excludes all other jurisdiction in him. He further contends that, since it was shown that there was another qualified justice of the peace in Aberdeen, appellant had an adequate remedy at law by simply going to the other justice and filing his cause, because of which this writ does not lie.

We do not agree that appellant has an adequate remedy at law because there is another justice of the peace in that municipality. The plaintiff in such an action has a right to select the local justice before whom he would institute his action. When a court has undoubted jurisdiction of a cause, it is never optional to accept or reject such jurisdiction at the pleasure or preference of that court. Although the judgment or discretion of a judicial officer cannot be controlled after he has assumed jurisdiction of a controversy, mandamus lies to compel him to assume jurisdiction of, proceed with, and hear and determine an action, instead of casting the burden on other shoulders. *State ex rel. Maltby v. Superior Court,* 7 Wash. 223, 34 Pac. 922; *State ex rel. Martin v. Superior Court,* 101 Wash. 81, 172 Pac. 257, 4 A. L. R. 572; *State ex rel. Seattle & Rainier Valley R. Co. v. Superior Court,* 123 Wash. 116, 212 Pac. 259.

In this state a justice of the peace court is a constitutional court. It is a court regarded as of great importance to the people at large, as it opens the door of justice near their homes and affords a cheap and speedy remedy for minor grievances as to the rights of property. 16 R. C. L. 330, § 2. It is also important

that there be a sufficient number of those officers properly to attend to the needs of the particular community in which they are elected. *Id.* 331, § 3.

There is no court apart from the officer designated as the justice of the peace. A cause is entitled in the superior court without regard to the personnel of the judge, but it is not sufficient to entitle a cause in the justice court of a precinct without naming the particular officer. *State ex rel. Maltby v. Superior Court, supra.*

Under the above stated rule, it is not correct, as respondent contends, that there is one justice of the peace court in and for the city of Aberdeen with two justices, as there is one superior court with two judges in and for the county. On the contrary, there are, and must be, two justice of the peace courts presided over by two different justices of the peace.

By virtue of Rem. Comp. Stat., §§ 43 to 48, inclusive, respondent is clothed with undoubted jurisdiction in Aberdeen over civil actions such as that tendered him for filing by appellant. To divest him of jurisdiction over such civil actions, except those coming to him by change of venue from the other justice, would be, to a large extent, to eliminate one of the justices of the peace in and for that territory. It is clear that was not the intent of the statute relied upon. Under it he is bound to give preference, as therein prescribed, in the transaction of his business; but the statute in no wise limits his civil jurisdiction given under the other sections of the statutes cited. After a civil case has been filed with respondent, he may exercise reasonable, but not arbitrary, discretion in arranging for the trial and disposition of such case, always keeping in view the provisions of § 8999, *supra.*

For the reasons above given, we conclude that the judgment of the trial court was erroneous and must be

reversed. It is so ordered, and the cause remanded with instructions to proceed further in accordance herewith.

MITCHELL, C. J., TOLMAN, MAIN, and PARKER, JJ., concur.