### ALLER v MILLARD HUNT CO

Ohio Appeals, 3rd Dist, Marion Co

Decided January 18, 1932

Frank Wiedemann, Marion, and Grover C. Brown, Columbus, for plaintiff in error.

Carhart & Warner, Marion, for defendant in error.

JUSTICE, PJ.

We have examined the rulings of the trial court on testimony offered and find that no prejudicial error has intervened in this respect. Such objections as were well taken came after the witness had answered the questions propounded. Hence, they were too late to be of any avail here. ·**Neiswander v State of Ohio, 28 O C A Report, 545-552.**

At the close of plaintiff's evidence in chief, defendant moved for a directed verdict in his favor, on the ground that plaintiff had failed to introduce any evidence tending to prove the claimed agency. The trial court overruled this motion, and counsel for defendant contends that this ruling constitutes reversible error.

The record discloses that after the motion for direction was overruled, the defendant went forward with evidence, that is to say, put on his case. He, therefore, waived that error, if such it was. True, at the close of all the evidence, the defendant renewed his motion for a directed verdict, but he does not assign the overruling of that motion as a ground of error. We, therefore, are not required to consider it. **Burke v Burke, 36 Oh Ap Report, 551.** We prefer, however, to dispose of this proposition as if it were properly before us for determination.

We learn from the record that the defendant sent his daughter, Mrs. Ruth Morrison, to the plaintiff's place of business to represent him in adjusting the account. The daughter took with her the defend-

ant's books and checks. On three occasions she and Millard Hunt, representing plaintiff, discussed the account and endeavored to settle it. According to Millard Hunt's testimony, he and Mrs. Morrison agreed upon the amount due and owing from defendant to plaintiff, namely, $207.09. He further testified that thereafter, he and defendant discussed the amount agreed upon to be paid by defendant to plaintiff, and that defendant promised to send a check covering same, which defendant did not do. Surely, these facts tend to prove the claimed agency.

Upon the issues of agency, and whether or not an account was in fact stated, the testimony conflicting. By its verdict the jury found these issues in favor of the plaintiff and after a careful reading of the entire record we are convinced that the verdict is not against the decided weight of the evidence. **Dean et al., v King & Company, 22 Oh St 118, 134** and kindred cases.

All other claims of error to which our attention has been called, have been noted: they are not of sufficient importance to justify special mention.

Holding these views, it follows that the judgment of the court of common pleas should be affirmed.

CROW and KLINGER, JJ, concur.