## BISHOP et v COLUMBUS (city) et

Ohio Appeals, 2nd Dist, Franklin Co

No 2227. Decided Aug 5, 1932

Randolph W. Walton, Columbus, for plaintiff.

J. L. Davies, City Attorney, Columbus, and D. W. Wiper, Columbus, for defendant.

ALLREAD, J.

We cannot escape the conclusion that counsel for complainant are assuming that the law would apply the same rule here as has been applied in the case of **Harmon et v the State, 66 Oh St, 249.** This case holds that the legislative body is bound to declare the basis of the tax or assessment and leave only to the board fixed by the Legislature to find these facts as a basis for the license issued.

In so assuming we think that counsel are in error.

The Harmon case applies to parties having a legal right to carry on the occupation subject only to a limited right in the legislative body to find facts upon which the license board can fix the power of regulation and to assess taxes or assessments upon such occupation. Here the right to assess the taxes or assessments and to make provision for the use of the streets is a power which is confided to the city council as the legislative authority having control of the streets and highways of the city and the use thereof. These rights are subject to the legislative power of the city and they

have the right by general laws to limit or even deny the right of owners of taxicabs to operate thereon for compensation. This rule has been established in the case of Perrysburg v Ridgway, 108 Oh St, 245, which states that:

"A municipal ordinance denying to a motor bus company for hire the right to use a municipal street for the purpose of a motor bus stop or station to let off or take on passengers is within the constitutional grant of municipal power, and therefore is a valid ordinance."

This decision was written by the late Judge Wanamaker, and concurred in by Marshall, CJ, Day and Allen, a majority of the court. In the last portion of the opinion the following appears:

"It must be remembered that the question to this court is not one of municipal policy. It is simply one of municipal power. The wisdom or unwisdom of the policy is for the municipality's determination. The question of municipal power is properly a judicial question, as to which we hold that the municipality acted within the constitutional power conferred."

It may be stated that this case involved the right of a municipality to prevent an interstate bus line from stopping and taking on passengers within the city and it is held that the municipality had the power.

In the later case of Murphy v The City of Toledo, 108 Oh St, 342, it was held that:

"Municipalities have full power to regulate or control the use of their own streets. In such control or regulation a municipality may make any reasonable classification of vehicular traffic in the use of its streets.

The judgment of a legislative body as to a reasonable classification cannot be questioned, except when it is in clear conflict with some express provisions of state or federal constitution."

This opinion was written by Judge Wanamaker and concurred in by Marshall, CJ, Day and Allen.

In the course of the opinion, the case of State ex Shaffer v The City of Spokane, 109 Wash., 360, was quoted with approval. This Washington case holds that:

"A municipality may regulate or even prohibit the operation of jitney busses on its streets, since such use is not an ordinary and customary street use, but a special one."

In the case of Rowe, Jr. v The City of Cincinnati, 117 Oh St, 382, the Supreme Court, where a permit had been granted by a municipality to an owner of real estate abutting upon a public street, to erect gasoline pumps in such public street, held that it constituted a mere revocable license, and that such right was given to the owner of abutting property, subject to the control of the Council.

In the still later case of Sylvania Busses v Toledo, it was held by the Supreme Court in 118 Oh St, 187, that before an interurban motor bus had any right to use the streets of the city it must secure from the city authorities the right to do so. The opinion in this case was concurred in by all the judges of the Supreme Court.

The most recent case which our Supreme Court had before them involving this question is the case of the Motor Transportation and Truck Company v The Public Utilities Commission of Ohio, 125 Oh St —; O.L. Bull. July 25, 1932; (Syl 12 Abs No. 6; 181 NE 655; 125 Oh St 374). The first syllabus of this case is as follows:

"Streets and highways belong to the public and are primarily for the use of the public in the ordinary way. Their use for the purpose of gain to the common carrier is special and extraordinary and subject to regulation by duly constituted authority."

While it is true that the court in this case holds that the question of reasonableness involved in an ordinance is a question that the court has a right to determine, yet there is no question as to the right of the court in this case under the first proposition of the syllabus in the case cited.

We therefore hold that the City Council in the present case have the right to control or regulate the taxicab busses within the City of Columbus, and that the ordinance in question is a lawful exercise of power.

Again it is urged that the City Council went beyond its authority in the delegation of power to the taxicab license board and the Director of Public Safety. Counsel for the city cite the recent case of Brady v The City of Cincinnati, 25 Oh Rep, 297. While it is true that this case was decided by the Court of Common Pleas, yet in our judgment the case is well reasoned and is a sound statement of the law.

The case of Taylor v The City of Toledo, 15 Oh Ap, 475, is to the same effect.

The next question is in relation to the charge that the exercise of the power and authority granted in the ordinance is unlawful discrimination and arbitrary action. The ordinance provides that:

"The board is authorized and empowered to establish and adopt such rules and regulations covering the issuing of taxicab licenses as are reasonable and necessary and not inconsistent with the terms of this ordinance."

In this respect, therefore, we have a positive declaration of the City Council on this subject, and until the City Council violates this provision and issues orders which are unreasonable and unjust, we do not have the right to enjoin the lawful execution of the ordinance. There is no question of contemplated action by the city officials which would justify the court in interfering at this stage.

A question is made as to the liability insurance required. There are positive provisions in the ordinance as to liability insurance. We think the Council has the right to make this provision in the interest of safety and security and we see no objection to any of the clauses in reference to the liability insurance. It is claimed, however, that the liability insurance provided for in the ordinance does not apply to the companies already permitted under the previous ordinance. We do not absolutely determine this question, but assuming that it does not apply to the companies in business for a limited time at the time the new ordinance became effective, we see no objection to the provision for liability insurance.

Complaint is also made as to the provision of §13, forbidding the operator of a taxicab "when hired" to accept other passengers until the service for which it is hired is completed, except in case of special trips. This is a limitation upon or regulation of the rights of a driver of a taxicab to accept other passengers than the one who first hired the taxicab. We think this provision is proper in view of the limited space of the ordinary taxicab and the personal relations of the passengers. We see no constitutional objection to this provision.

We have examined all the questions raised and have reached the conclusion that none is presented which affects the validity of this ordinance.

The case was decided in the Court of Common Pleas by Judge Scarlett, who rendered an able opinion in support of the ordinance. We have examined this opinion and find that the conclusions therein are sound.

The same judgment must be rendered here as in the Court of Common Pleas.

Judgment accordingly.

HORNBECK and KUNKLE, JJ, concur.

## ON MOTION FOR REHEARING

Decided August, 22, 1932

BY THE COURT

Plaintiff has filed an application for a re-hearing. The objection is that the court did not pass upon all the questions. In the first place, it is claimed that the court only passed upon Section 13, which provides that taxicab companies shall make no charges for additional passengers. That would apply to a case where additional passengers come in after the original passenger has been received and paid for. It is claimed that the court did not pass upon the effect of Section 15 of the ordinance which forbids the taxicab company charging for additional passengers taken at the same time. Upon a reconsideration of the case we are of opinion that Section 15 parallels Section 13 except as to the conditions. We think these two sections are to be construed alike and are reasonable provisions as to charges.

Again it is urged that the court did not express an opinion upon the question of the liability of companies licensed under the old ordinance. That is true. We have reconsidered this question and have reached the conclusion that under the new ordinance the companies licensed under the old ordinance are required to comply with the insurance provision in the new. We can not escape the view that this provision is justified by the decision of the Supreme Court in the cases of **Sylvania Busses v The City of Toledo, 118 Oh St, 187**, and **Rowe, Jr. v Cincinnati, 117 Oh St, 382**. The decision of this court is therefore that the ordinance on this proposition may be construed to apply to the companies authorized under the old ordinance and that the requirement that all licensees take out a like amount of insurance violates no legal right of plaintiff. We have considered all propositions made in the application for rehearing and are of the opinion that the same should be overruled.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.