## OCCO REALTY COMPANY v NEWBURGH STEEL COMPANY

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12673. Decided May 15, 1933

W. D. Cole, Cleveland, Boyd, Brooks & Wickham, Cleveland, and T. A. Ryan, Cleveland, for plaintiff in error.

Snyder, Thompson, Ford, Seagrave & Roudebush, Cleveland, for defendant in error.

LLOYD, PJ, RICHARDS and WILLIAMS, JJ, ((6th Dist) sitting.

## OPINION

By RICHARDS, J.

In appropriation proceedings brought for the purpose of effecting a separation of grades, the law contemplates that both the owner in fee of the property involved and one having a lease may assert their claims for damages and be compensated for whatever loss directly results from such separation of grades. Pursuant to such right the Newburgh Steel Company filed a claim for damages and thereafter settled the same, receiving as consideration the amount agreed on with the city and the railroad company. If it should be allowed in the present action to recover damages resulting from such separation of grades, it would be receiving compensation from The Occo Realty Company for the same damages for which it has already been paid by the railroad company.

The right to eliminate grade crossings is conferred upon municipalities and their elimination is encouraged in the interests of public safety and this right it may pursue and in fact did pursue in this case without any consent or permission from The Occo Realty Company.

The case of State of Ohio v George, Trustee, 34 Oh St 537, is in many respects quite similar to the case at bar. The defendant relies on Frankel v Steman, 92 Oh St 197, but that case is radically different from the one at bar for it is a case in which the interference with the use and occupancy was caused by the owner or some one authorized by him.

We find no covenant in the lease rendering the landlord liable for any damages which may have been caused by a lawful proceeding of the City of Cleveland and the railroad company to bring about a separation of grades.

This case has been in the Court of Appeals once before and the opinion is reported under the title of The Newburgh Steel Co. v Occo Realty Co., 25 OLR 468, (13 Abs 261). The only question involved at that time

was the improper exclusion of certain evidence offered by The Newburgh Steel Co., to support the claim set out in its cross-petition. We, of course, are not advised as to the evidence before the court on the first trial. It is true that the syllabus goes much further than the opinion of the court and far beyond the question as to the admissibility of evidence.

The judgment is clearly and manifestly against the weight of the evidence on the evidence introduced at the second trial as to the amount of rent and interest thereon due to plaintiff, and must be reversed and the cause remanded for a new trial as to such amount.

The court further finds that the trial court erred in finding that any sum was due to the defendant on the claim set up in its cross-petition and in finding that there was evidence tending to show that the plaintiff caused or permitted a partial eviction from the premises.

For these reasons the judgment will be reversed and the cause remanded for further proceedings.

Reversed and remanded for further proceedings.

WILLIAMS and LLOYD, JJ, concur.